## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Malda J. Brown** | * | |
| **9932 Franklin Street** | | |
| **Lanham, Maryland 20706** | * | |
| | | |
| **Plaintiff** | * | |
| | | |
| **v.** | * | **Case No. CA** |
| | | |
| **Jovita Carranza** | * | |
| **Acting Administrator** | | |
| **Small Business Administration** | * | |
| **409 3rd Street, S.W.** | | |
| **Washington, D. C. 20416** | | |
| **Defendant.** | * | |

## COMPLAINT

Plaintiff Malda Brown hereby files this Complaint and sues Defendant Jovita

Carranza, Acting Administrator, Small Business Administration (SBA) on the grounds that

the SBA unlawfully initiated an Inspector General (IG) Investigation, solely for the purpose

of retaliation against Malda Brown for prior EEO activity, while employed at the SBA.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C." 1331, 1343(a)(3) &

(4) and 29 U.S.C. 621 *et seq.*

2. Venue is proper in the District of Columbia, pursuant to 42 U.S.C. " 2000e-5(f)(3) and

28 U.S. C. ' 1391(b).

3. Plaintiff Malda Brown is a citizen and resident of the State of Maryland.

4. Defendant Jovita Carranza is the Acting Administrator of the Small Business

Administration, an executive agency of the United States Government.

1

## ADMINISTRATIVE PROCEDURES

5.   Plaintiff went through the informal EEO process, initiating contact with an EEO Counselor on July 6, 2006.  Plaintiff was issued a notice of Right to File a Formal Complaint on September 1, 2006.  Plaintiff filed a formal complaint of employment discrimination against the defendant with the SBA Office of the Equal Employment Opportunity Commission on September 15, 2006, on the basis of race and retaliation.  The SBA initiated an investigation and issued the Report of Investigation on November 29, 2007.  On March 31, 2008, the SBA issued its Final Agency Decision, wherein the SBA determined that Plaintiff had failed to meet her burden of adducing by a preponderance of evidence to show that management discriminated against her on the basis of race and retaliation.   Plaintiff received the Final Agency Decision on April 4, 2008.   The Final Agency Decision advised the Plaintiff of her right to file a civil action within 90 days of the date of the receipt of said decision.

6. Plaintiff has satisfied all private, administrative and judicial prerequisites to the institution of this action.

## COMMON ALLEGATIONS

7.   Plaintiff is an African American female who works as a Procurement Analyst GS-13 for the Office of Government Contracts of the U.S. Small Business Administration.  She has been employed by the SBA for twenty–eight (28) years and has worked as a Procurement Analyst for the past 7 years.

8.     In 1992, Plaintiff filed an EEO complaint against her supervisor, James Whitmore, while working in the Office of Procurement and Grants management (OPGM).

9.     Plaintiff's EEO complaint was settled in 1995, resulting in Plaintiff's transfer from

OPGM and assignment to the Grants Program in the Office of Business Initiatives.

10.   Several years later Mr. Whitmore was again placed in a position in which he had a supervisory role over Plaintiff.  Due to conduct engaged in by Mr. Whitmore, Plaintiff filed additional EEO complaints for discrimination on the basis of race and retaliation in 1998 and in 2001.

11.   Plaintiff's EEO complaints were settled in 2001 resulting in a substantial monetary payment to Plaintiff and her transfer to her current position as GS-13 Procurement Analyst.

12.   As a Procurement Analyst, Plaintiffs' duties require her to advocate and facilitate small businesses throughout the United States in helping them procure contracts in the federal arena.  Her duties also  include working with small business contractors on contract matters and issues related to the Federal Acquisition Regulations ("FAR").

13.   On November 8, 2005, the SBA HUBZone program received a HUBZone bid protest for a U.S. Homeland Security (DHS) contract awarded to Shirlington Limousine and Transportation Inc.  As part of the regular process of processing bid protests, the existing contractor, in this case Shirlington Limousine, was entitled to file a response to the protest.

14.   In December 2005, Plaintiff was contacted by the owner of Shirlington Limousine and Transportation Inc., Christopher Baker requesting assistance in understanding the  bid protest procedures which is covered by the FAR.  Pursuant to her duties, Plaintiff investigated the process by examining the regulations and contacting several SBA employees directly involved in the process.  Plaintiff then shared information with Mr. Baker about the appeal process.  All the assistance Plaintiff provided to Mr. Brown was in full accordance with her job duties.

15.   Plaintiff did not know Mr. Baker and does not know how he was referred to her.

16.   Unbeknownst to Plaintiff, Karen Hontz, Plaintiff's fourth line supervisor, had

3

initiated an investigation into Plaintiff's contact with Mr. Baker. The investigation was premised on the knowing false premise that it was unusual for Plaintiff to seek to assist Mr. Baker and her assistance to him was outside the scope of her job duties. Furthermore, Ms. Hontz, made the false statement to several high level employees at SBA in connection with this investigation that Plaintiff had improperly permitted Mr. Baker into SBA headquarters to file documents in connection with Shirlington Limousine's response to the bid protest.

17. Ms. Hontz is a personal friend of John Whitmore, and upon information and belief, was aware of that Plaintiff had prior EEO complaints involving Mr. Whitmore.

18. During the course of the investigation, Calvin Jenkins, the Deputy Associate Deputy Administrator who had worked with John Whitmore and had participated, on behalf of management, in the process of attempting to resolve the prior EEOC claims of Plaintiff. Accordingly, he had knowledge of Plaintiff's prior EEO activity.

19. In connection with the investigation, Ms. Hontz informed Plaintiff's first line supervisor, Ronda Anderson that she considered the assistance provided by Plaintiff to Mr. Baker to be improper and that Plaintiff had improperly let Mr. Brown into SBA Headquarters. Furthermore, Ms. Hontz directed Ms. Anderson to admonish Plaintiff and reprimand her for this conduct.

20. Ms. Anderson contacted Plaintiff in May of 2006 and asked numerous questions about her contact with Shirlington Limousine. Plaintiff informed Ms. Anderson that she had provided information to Mr. Baker about the Shirlington Limousine and who to contact at SBA headquarters regarding the process. In addition, Ms. Anderson asked Plaintiff whether she allowed Mr. Baker access to the SBA headquarters in Washington, D. C. Plaintiff had not done so and could not do so since she worked in Rockville, Maryland and informed Ms. Anderson of

such. At the conclusion of the meeting, Ms. Anderson stated to Plaintiff she had done nothing improper.

21.  Subsequently, Ms. Anderson informed her supervisor, Maryellen Gentile, that she had decided admonishing and reprimanding Plaintiff was no appropriate and did not so. Subsequently, Ms. Hontz learned that Plaintiff had not been reprimanded.

22.  After learning that Plaintiff had not been reprimanded, Ms. Hontz, caused to be initiated an Inspector General Office investigation based on the knowingly false statements that (1) Plaintiff's assistance to Shirlington Limousine was outside her job duties, was unusual and suspicious; and (2) Plaintiff had given Mr. Baker access to SBA Headquarters There was no justification or lawful basis for Ms. Hontz to make and IG complaint.

23.  Shortly thereafter, Plaintiff received an e-mail the following week from the Inspector General's Office stating they needed to speak to her about Shirlington Limousine.

24.  On May 24, 2006, Plaintiff was interviewed by Special Agent Lee Bacon and Special Agent in Charge Aaron Collins of the Office of Inspector General, Small Business Administration.  Plaintiff attended with her attorney.  Plaintiff explained her contact with Shirlington Limousine in December of 2005.  Plaintiff explained that she was assisting Shirlington Limousine as she would assist any other small business.

25.  The IG investigation concluded that there had been no criminal violation and the case was not referred to the U.S. Attorney's Office.  The IG submitted a report summarizing their findings.

26.  Plaintiff's fourth-line supervisor, Calvin Jenkins, received the initial IG investigation report, concluded that it was insufficient and demanded a meeting with the IG's Office on the basis that the investigation and the report did not address all of the concerns.

5

27. The conduct of Mr. Jenkins was an attempt to improperly intrude on the independence of the IG's office.

28. Due to the pressure exerted by Mr. Jenkins, the IG's office went back and performed further investigation and additional co-workers were questioned regarding Plaintiff in an effort to get negative information.

29. The IG investigation again concluded that there had been no criminal violation and the case was not referred to the U.S. Attorney's Office.

## COUNT I
### (Retaliation)

30. Plaintiff hereby incorporates by reference herein paragraphs 1-2 above.

31. Plaintiff engaged in protected activity by filing previous EEO complaints.

32. As a direct and proximate result of filing prior EEO complaints of discrimination and as a direct and proximate result of having had to settle the previous EEO complaints with plaintiff, Defendant employees made false and defamatory statements about Plaintiff and improperly subjected her to investigation by the Agency including initiation of a IG investigation based on false information solely to harass and retaliate against Plaintiff. Plaintiff's prior EEO activity was a motivating factor in the Defendant's decision to attempt to have her reprimanded, and when that failed to refer her for investigation by the IG's office.

33. The effect of the policies and practices pursued by the defendant as alleged above is a violation of 42 U.S.C. Section 2000e-(3)(a).

34. Defendant engaged in intentional discrimination with malice or reckless indifference to the federally protected rights of Plaintiff, causing Plaintiff to suffer injury and damage in the form of economic loss, lost wages, back pay, damage to her reputation, humiliation, embarrassment, mental anguish and emotional distress.

6

WHEREFORE Plaintiff demands judgment against Defendant NEW in the amount of $300,000 in compensatory damages, $300,000 in punitive damages including that the plaintiff prays the Court that:

a.  Award compensatory damages as will fully compensate plaintiff for the economic loss, humiliation, embarrassment, and emotional distress, caused by Defendant's acts;

b.  The plaintiff recover from the defendant reasonable attorneys fees incurred in the prosecution of this action;

d.  The costs of this action, including any expert witness fees, be taxed against the defendant;

e.  Emotional distress, pain and suffering; and

f.  The Court grant such other relief to which it deems the plaintiff justly entitled.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury on all issues so triable as of right.

Respectfully submitted,

Nicholas H. Hantzes
DC Bar # 361450
Hantzes & Reiter
1749 Old Meadow Road, Suite 308
McLean, Virginia 22102
(703) 378-5000

H
ESH
08-1110

**I (a) PLAINTIFFS**

Malda Brown

**DEFENDANTS**

Jovita Carranza, Acting Adminstrator, Small Business Adminstration

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Prince George's Co
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Hantzes & Reiter
1749 Old Meadow Road, Suite 308
McLean, Virginia  22102

ATTORNEYS (IF KNOWN)

Case: 1:08-cv-01110
Assigned To : Huvelle, Ellen S.
Assign. Date : 6/26/2008
Description: Employ. Discrim.

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

- ⚪ 1 U.S. Government Plaintiff
- ⚪ 3 Federal Question (U.S. Government Not a Party)
- ⦿ 2 U.S. Government Defendant
- ⚪ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ⚪ 1 | ⚪ 1 | Incorporated or Principal Place of Business in This State | ⚪ 4 | ⚪ 4 |
| Citizen of Another State | ⚪ 2 | ⚪ 2 | Incorporated and Principal Place of Business in Another State | ⚪ 5 | ⚪ 5 |
| Citizen or Subject of a Foreign Country | ⚪ 3 | ⚪ 3 | Foreign Nation | ⚪ 6 | ⚪ 6 |

**IV.  CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

⚪ **A.  Antitrust**

☐ 410 Antitrust

⚪ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

⚪ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

⚪ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

⚪ **E. General Civil (Other)**    OR    ⚪ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

J. CARRANZA ONLY

| ○ G. Habeas Corpus/ 2255 | ○ H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Retaliation in response to prior EEOC activity

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 300,000    Check YES only if demanded in complaint    JURY DEMAND:    YES ☒    NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE  June 26, 2008    SIGNATURE OF ATTORNEY OF RECORD _____

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.